UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABDULLAH T. JABR, and <br> AMANI I. DAWOUD, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary of <br> the Department of Homeland Security; <br><br> and <br><br> MICHAEL JAROMIN, District Director <br> USCIS; <br><br> Defendants. | Case No. 4:06CV00543 RWS |

## MEMORANDUM AND ORDER

This matter is before me on defendants Michael Chertoff and Michael Jaromin's motion to dismiss [2]. For the following reasons, I will grant Defendants' motion to dismiss.

**I. Background**

Plaintiffs Abdullah Jabr and Amani Dawoud filed this action as a "complaint for mandamus" against defendants Michael Chertoff, Secretary of the Department of Homeland Security and Michael Jaromin, District Director of the Kansas City District of the United States Citizenship and Immigration Services ("USCIS"). Plaintiffs seek to compel defendants to rule upon Dawoud's Petition for Alien Relative (Form I-130) and Jabr's Application for Adjustment of Status to Permanent Resident (Form I-485), which were filed on December 16, 2003. (Compl. ¶ 2). The application and petition are based upon the marriage of Dawoud, an American citizen, and Jabr, a citizen of Egypt. (Compl. ¶ 8). Both plaintiffs were interviewed in connection with the visa petition and adjustment of status application. (Compl. ¶ 9). Plaintiffs assert that Defendants have willfully

and unreasonably delayed and refused to decide Plaintiffs' petition and application because it has been more than two years since the petition and application were filed, and a reasonable processing time would be eight to twelve months. (Compl. ¶ 7). Defendants filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, a motion to dismiss for failure to state a claim.

## II. Standard

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Here, the defendants make a facial challenge to plaintiffs' complaint. Under a facial challenge to jurisdiction all of the factual allegations in plaintiffs' complaint are presumed to be true. See Titus, 4 F.3d at 593 & n.1. Accordingly, for purposes of this motion, all factual allegations in plaintiffs' complaint are accepted as true.

## III. Discussion

Defendants assert that Plaintiffs have not met the standard for the Court to issue a writ of mandamus because Plaintiffs have an alternative means to obtain lawful permanent resident status through the normal pending administrative process. The federal courts have the power to issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651(a). However, the plaintiffs must satisfy three prerequisites for mandamus to issue:

> A district court may grant a writ of mandamus *only* in extraordinary circumstances and *only* if (1) the petitioner can establish a clear and indisputable right to the relief sought, *and* (2) the defendant has a nondiscretionary duty to honor that right, *and* (3) the petitioner has no other adequate remedy.

Castillo v. Ridge, 445 F.3d 1057, 1060 (8th Cir. 2006) (emphasis added). The issuance of a writ is left to the discretion of the district court. Id. at 1061.

2

Plaintiffs' petition and application are still pending before the USCIS. Defendants have submitted the affidavit of Chester Moyer, Officer in Charge of the St. Louis, Missouri office for USCIS. In his affidavit, Moyer avers that "given the large volume of applications submitted to CIS and the high significance of immigration benefits, some applications ultimately require more time than others." (Moyer Aff. ¶ 2). Moyer also avers that the background investigation is still pending and a decision on the application cannot be rendered until it is completed. (Moyer Aff. ¶ 3).

Based on the foregoing, I find that Dawoud and Jabr have not met the standard for issuance of a writ of mandamus. Dawoud's Petition for Alien Relative must be approved before Jabr's Application for Adjustment of Status. Gipson v. Immigration and Naturalization Serv., 284 F.3d 913, 916 (8th Cir. 2002) (citing 8 C.F.R. § 245 et seq.). Although plaintiffs are understandably frustrated with the amount of time the claims have been pending, I am unaware of any statutory time-line for decisions on applications to USCIS. Background checks must be completed before a decision can be made and Plaintiffs do not have a right to forego the required background checks. Therefore, Dawoud and Jabr have not established that they have a clear and undisputable right to the relief sought or that the defendants have a nondiscretionary duty to honor that right. See Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (plaintiff cannot establish clear and indisputable right to favorable adjudication of application because waiver needed for adjustment of status was within Attorney General's discretion). Also, Dawoud and Jabr have not shown there is no other adequate remedy. The plaintiffs are currently in the process of seeking to obtain the relief sought and I will not use the drastic remedy of mandamus to relieve a bureaucratic delay in the processing of an agency application.

Finally, I will not review plaintiffs' claims pursuant to the Administrative Procedures Act ("APA"). "A person suffering legal wrong because of agency action, or adversely affected or

aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In this case, Plaintiffs' complaint cannot be proceed because there is no "final" agency action. As a result, I lack jurisdiction over Plaintiffs' claim under the APA. See National Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1239 (11th Cir. 2003) (federal jurisdiction is lacking when agency action is not final within meaning of 5 U.S.C. § 704); Independent Petroleum Ass'n of America v. Babbitt, 235 F.3d 588, 594 (D. C. Cir. 2001) (because federal jurisdiction is lacking when agency decision is not final, the court cannot reach the merits of the action). It is true that a court may "compel agency action unlawfully withheld or unreasonably delayed," however, Dawoud and Jabr have not alleged any circumstances that would show USCIS has unlawfully withheld or unreasonably delayed action on their claims. The fact that a delay has been lengthy does not necessarily mean that action has been unlawfully withheld or unreasonably delayed. Therefore, I lack jurisdiction over Dawoud and Jabr's claims under the APA.

**IV. Conclusion**

Based on the foregoing, I will dismiss Plaintiffs' "complaint for mandamus" without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Michael Chertoff and Michael Jaromin's motion to dismiss [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice for lack of subject matter jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's alternative motion to dismiss for failure to state a claim is **DENIED as moot**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2006.